UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **DANIEL HARO,** | § § § Civil Action No.: § § § |
| Plaintiff, | |
| v. | § § |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | § § **JURY TRIAL DEMANDED** § § § |
| Defendant. | § |

# COMPLAINT

DANIEL HARO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in San Antonio, Texas 78250.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with headquarters located at 120 Corporate Blvd., Norfolk, VA 23502.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

14. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. The alleged debt arose out of transactions primarily for personal, family, or household purposes.

16. By way of background, beginning in or around December 2017, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone regarding an alleged consumer debt.

17. Soon after the calls began, Plaintiff requested that Defendant stop calling.

18. However, Defendant continued to call Plaintiff continuing through January 2018.

19. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place further calls.

20. Further, any continued calls could only have been for the purpose of harassment.

21. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or a prerecorded voice.

22. Plaintiff knew that Defendant was using an automated telephone dialing system and/or a prerecorded voice as Plaintiff received automated calls that began with a noticeable pause or delay before the call would be transferred to a live caller.

23. Defendant's calls were not placed for emergency purposes.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

24. A debt collector violates § 1692d of the FDCPA by engaging n conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse, or harass any person at the called number.

26. Defendant violated §§ 1692d and d(5) when it placed repeated harassing calls to Plaintiff within the one year period preceding the filing of this Complaint knowing at all times that its calls were unwanted.

# COUNT II
# DEFENDANT VIOLATED THE TCPA

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

38. Defendant's calls to Plaintiff were not made for emergency purposes.

39. Defendant's calls to Plaintiff after Plaintiff revoked consent in or around December 2017 and continuing through January 2018 were not made with Plaintiff's prior express consent.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DANIEL HARO, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    e.    Statutory damages of $500.00 for each violation of the TCPA,

pursuant to 47 U.S.C. §227(c)(5)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

h. Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

Dated: December 31, 2018            KIMMEL & SILVERMAN, P.C.

By: /s/ Amy Bennecoff Ginsburg
Amy Bennecoff Ginsburg
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile (877) 788-2864
Email: aginsburg@creditlaw.com